# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 30, 2010

No. 09-11217
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE FELICIANO SALDANA-MARTINEZ, also known as Jose Soldana-Martinez, also known as Jose F. Saldana-Martinez,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:09-CR-73-1

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Feliciano Saldana-Martinez appeals the sentence imposed following the revocation of his supervised release. He contends that the district court's complete failure to explain the sentence and address his nonfrivolous arguments in support of a lower sentence did not satisfy the requirements of procedural reasonableness under *Rita v. United States*, 551 U.S. 338, 356-57 (2007). Saldana-Martinez acknowledges that this court applies plain error review when

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a defendant fails to object to the district court's failure to explain the sentence. Nevertheless, he seeks to preserve for further review his contention that an objection is not required when it is premised on the district court's failure to address arguments in support of a lower sentence. Alternatively, he argues that the strict application of the plain error standard should be mitigated by defense counsel's specific and explicit request that the district court consider an underlying sentencing error when determining his revocation sentence. Because Saldana-Martinez did not object to the district court's failure to explain the revocation sentence in the district court, plain error review applies. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).

The district court's failure to explain the within-guidelines sentence imposed upon revocation of Saldana-Martinez's supervised release was error under *Rita* that was clear or obvious. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 364 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). However, Saldana-Martinez has not shown that the error affected his substantial rights. In *Mondragon-Santiago*, this court rejected the defendant's argument that the district court's failure to explain the sentence affected his substantial rights because it made meaningful appellate review impossible, holding that the argument was foreclosed by circuit precedent, "so far as within-Guidelines sentences [were] concerned." *Id*. at 365. Further, although Saldana-Martinez argues that there was a reasonable probability that more extensive consideration of his argument regarding the underlying sentencing error would have led the court to agree that he should not have been treated as a category II offender, he has not shown that an explanation would have changed his within-guidelines sentence. *See id*. Therefore, there is no reversible plain error, and the district court's judgment is AFFIRMED.